UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

MICHAEL CRESPO,

                      Plaintiff,

    -against-

CREDIGY RECEIVABLES, INC.,
CREDIGY SERVICES CORP.,
STEWART & ASSOCIATES, P.C.,
AND KAREN A. DITSCH, ESQ.,

                      Defendants.

----------------------------------------------------------------X

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

05 CV 6402

JUDGE BUCHWALD

**TO:**    CREDIGY RECEIVABLES, INC.
2877 Paradise Road, Suite 303
Las Vegas, NB 89109

CREDIGY SERVICES CORP.
3950 Johns Creek Court, Ste 100
Suwanee, GA 30024

STEWART & ASSOCIATES, P.C.
3950 Johns Creek Court, Ste 100
Suwanee, GA 30024

KAREN A. DITSCH, ESQ.
230 Kings Court Mall, #226
Kingston, NY 12401

        **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

                Francis Bigelow, Esq. (FB 8749)
                Sadis & Goldberg LLC
                **Attorneys for Plaintiff**
                463 Seventh Avenue, Suite 1601
                New York, NY 10018

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

BY DEPUTY CLERK *[signature]*

JUL 14 2005
DATE

JUDGE BUCHWALD

05 CV 6402

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
MICHAEL CRESPO,

                Plaintiff,

-against-

CREDIGY RECEIVABLES, INC.,
CREDIGY SERVICES CORP.,
STEWART & ASSOCIATES, P.C.,
AND KAREN A. DITSCH, ESQ.,

                Defendants.
-----------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Index No.:



RECEIVED
JUL 1 4 2005
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Michael Crespo ("Plaintiff"), as and for his complaint, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter the "FDCPA"), constituting unfair and deceptive acts and practices under the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2. Jurisdiction is premised on 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the conduct complained of occurred here.

## PARTIES

3. Plaintiff is a natural person who resides in Bronx County, State of New York.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

5. Defendant Credigy Receivables Inc. ("Credigy Receivables") is a business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 2877 Paradise Road, Suite 303, Las Vegas, Nevada 89109. The principal purpose of Defendant Credigy Receivables is the collection of debts using the mails and telephone, and Defendant Credigy Receivables regularly attempts to collect debts alleged to be due another.

6. Defendant Credigy Receivables is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Defendant Credigy Services Corp. ("Credigy Services") is a business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 3950 Johns Creek Court, Ste 100, Suwanee, GA 30024. The principal purpose of Defendant Credigy Services is the collection of debts using the mails and telephone, and Defendant Credigy Services regularly attempts to collect debts alleged to be due another.

8. Defendant Credigy Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

9. Defendant Stewart & Associates, P.C. ("Stewart") is a business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 3950 Johns Creek Court, Ste 100, Suwanee, GA 30024. The principal purpose of Defendant Stewart is the collection of debts using the mails and telephone,

and Defendant Stewart regularly attempts to collect debts alleged to be due another.

10. Defendant Stewart is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

11. Defendant Karen A. Ditsch, Esq. ("Ditsch") is an individual regularly engaged in the business of collecting debts in the State of New York with her principal place of business located at 230 Kings Court Mall, #226, Kingston, NY 12401. Defendant Ditsch regularly attempts to collect debts alleged to be due another.

12. Defendant Ditsch is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. At all pertinent times hereto, Defendants sought to collect monies under a consumer credit account with First Select, Inc. (hereinafter the "debt").

14. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

15. The Defendants filed a lawsuit against Plaintiff in or about June 2005, based on allegations that Plaintiff requested a credit account with First Select, Inc. and then defaulted in payment.

16. Although Plaintiff has the same first and last name as the original debtor, Plaintiff and the debtor are not the same person.

17. Plaintiff has apparently been the victim of "identity theft", because Plaintiff has never had an account with First Select, Inc.

18. Plaintiff was first contacted regarding the debt by letter in or about early August 2004 from defendant Credigy Services. The letter demanded payment in the amount of $1,851.77 in connection with an account with First Select Inc.

19. Plaintiff responded promptly by letter dated August 9, 2004, stating that he had never had an account with First Select Inc., stating his belief that he had been the victim of identity theft, and setting forth details regarding a violent assault against Plaintiff in December 2003, wherein his wallet and all of his personal documents had been stolen. Plaintiff also stated that he had checked his credit report on August 9th and that no record of the debt had appeared therein. A copy of this letter is annexed hereto as **Exhibit A.**

20. Defendant Stewart then responded with a second letter, insisting that it had identified the correct Michael Crespo as the debtor, and providing the debtor's social security number.

21. Plaintiff again disputed the debt, by letter dated September 28, 2004, wherein he emphasized that the debtor's social security number, as provided by Defendants, did not match Plaintiff's social security number. Plaintiff's letter also repeated that he had checked his credit report and the debt did not appear in said report. A copy of this letter is annexed hereto as **Exhibit B**.

22. Defendants did not respond to Plaintiff's second letter until nearly nine months later, when, despite Plaintiff's disputing of the debt, defendants Stewart and Ditsch filed a lawsuit against Plaintiff on behalf of defendant Credigy Receivables in the Civil Court of the City of New York, Bronx County (the "Civil Court Action"). A copy of this complaint is annexed hereto as **Exhibit C.**

23. As a result of the acts alleged above, Plaintiff suffered embarrassment, emotional distress, and severe anxiety.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

25. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692e(2)(A) by negligently and mistakenly attempting to collect the debt from Plaintiff, who was not legally obligated to pay the debt.

   (b) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to file, and/or filing, a lawsuit that cannot legally be filed, in that Defendants knew or should have known that Plaintiff was not the obligor on the debt.

   (c) The Defendants violated 15 U.S.C. § 1692g(a) by failing to provide a validation notice to Plaintiff.

   (d) The Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt until Defendants provided a validation notice or a copy of a judgment to Plaintiff.

26. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney fees.

**COUNT II**

**VIOLATION OF GENERAL BUSINESS LAW § 349**

27. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

28. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

29. Defendants engaged in deceptive conduct in the collection of debts.

30. This deceptive conduct included, without limitation, the filing of a lawsuit against Plaintiff without having any authority to do so.

31. This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

32. Plaintiff is entitled to damages and attorneys' fees as a result of Defendants' violation of GBL § 349.

## COUNT III

## NEGLIGENCE

33. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

34. Defendants Credigy Services and Credigy Receivables owed Plaintiff a duty of reasonable care in selecting, instructing, and supervising the debt collection firm it hired, and also in adequately investigating whether Plaintiff in fact owed the debt at issue.

35. By virtue of their failure to adequately investigate whether Plaintiff owed the debt, and also their failure to prevent the filing of a baseless lawsuit by defendants Stewart and Ditsch, Defendants Credigy Services and Credigy Receivables breached this duty to Plaintiff.

36. As a result of this breach of duty, Plaintiff suffered damages, including but limited to, emotional distress.

WHEREFORE, Plaintiff MICHAEL CRESPO respectfully requests a trial by jury and also requests that judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA;

    B. Actual damages;

    C. Punitive damages;

  D. Statutory damages pursuant to 15 U.S.C. § 1692k;

  E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and General Business Law § 349; and

  F. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   July 5, 2005

                _____
                Francis Bigelow (FB-8749)
                SADIS & GOLDBERG LLC
                Attorneys for Plaintiff
                463 Seventh Avenue, Suite 1601
                New York, NY 10018
                (212) 947-3793

# SADIS & GOLDBERG LLC

STEVEN ETKIND
RON S. GEFFNER *
JEFFREY C. GOLDBERG
DOUGLAS R. HIRSCH *
JACK M. SADIS
ROBERT S. SCHNEIDER

FRANCIS BIGELOW * *
DANIELLE EPSTEIN-DAY
DENNIS R. HIRSCH †
ASH ILKHANI
CHRISTINE B. KOO
MARTIN STANKIEWICZ
MITCHELL TARAS
ELIZABETH TEIRA *
AMY L. ZOBEL

* ALSO A MEMBER OF NJ BAR
** ALSO A MEMBER OF CT BAR
† ALSO A MEMBER OF CA BAR

ATTORNEYS AT LAW
463 SEVENTH AVENUE, 16TH FLOOR
NEW YORK, NEW YORK 10018
WWW.SGLAWYERS.COM

TELEPHONE
(212) 947-3793
FACSIMILE
(212) 947-3796
E-MAIL
<initial of first name><last name>@sglawyers.com

STEVEN HUTTLER
OF COUNSEL

THOMAS KONOP
OF COUNSEL

August 9, 2004

Stewarts & Associates
Attorneys at Law
P.O. Box 2389
Suwanee, GA 30024

Attn: John A. Fraiser

Re:  Credigy Receivables Inc. and for First Select Account
     Account Number :    4168100018544401
     Balance Owed:       $1,851.77

Dear Mr. Fraiser:

Please be advised that Michael Crespo is an employee of this firm and as such we will be representing his interests in the above entitled claim.

It appears that Mr. Crespo has been either the victim of "identity theft" or that your records are inaccurate. Mr. Crespo does not, nor ever has, had any account with First Select. In fact, Mr. Crespo received a copy of his credit report today, in light of your letter, and no such account is listed by either TransUnion, Equifax or Experien.

We believe that Mr. Crespo (as well as First Select) is the victim of identity theft. On the evening of December 8, 2003, Mr. Crespo was the victim of a violent assault where his wallet and all personal documents were stolen. We have enclosed a copy of the complaint report filed with the New York City Police Department. We are still awaiting, however, the police report. In the meantime, you may contact Detective Thomas Aasheim of the 45th Precinct, Bronx, New York at (718) 822-5404, and reference Complaint Number 69591.

(Copy of complaint enclosed)

       Alternatively, you may have simply confused Mr. Crespo with another individual with the same name. As I am sure that you aware, this happens all too often and the absence of any such reference to the First Select account from Mr. Crespo's credit report supports this belief.

       Accordingly, please provide to us a verification of the debt, including credit applications or signature authorizations. To the extent that we can assist your firm in determining whether this is an identity theft situation, we will do whatever we can to support your investigation.

       Thank you for your cooperation

Very truly yours,

Dennis R. Hirsch, Esq. and

Michael Crespo

# SADIS & GOLDBERG LLC

STEVEN ETKIND
RON S. GEFFNER *
JEFFREY C. GOLDBERG
DOUGLAS R. HIRSCH *
JACK M. SADIS
ROBERT S. SCHNEIDER

FRANCIS BIGELOW **
DANIELLE EPSTEIN-DAY
DENNIS R. HIRSCH †
ASH ILKHANI
CHRISTINE B. KOO
MARTIN STANKIEWICZ
MITCHELL TARAS
ELIZABETH TEIRA *
AMY L. ZOBEL

* ALSO A MEMBER OF NJ BAR
** ALSO A MEMBER OF CT BAR
† ALSO A MEMBER OF CA BAR

ATTORNEYS AT LAW
463 SEVENTH AVENUE, 16TH FLOOR
NEW YORK, NEW YORK 10018
WWW.SGLAWYERS.COM

TELEPHONE
(212) 947-3793
FACSIMILE
(212) 947-3796
E-MAIL
<initial of first name><last name>@sglawyers.com

STEVEN HUTTLER
OF COUNSEL

THOMAS KONOP
OF COUNSEL

September 28, 2004

Stewarts & Associates
Attorneys at Law
P.O. Box 2389
Suwanee, GA 30024

Attn: John A. Fraiser

Re:  Credigy Receivables Inc. and for First Select Account
     Account Number :   4168100018544401
     Balance Owed:      $1,851.77

Dear Mr. Fraiser:

  Please be advised that we have ascertained the problem with the above account. Apparently, your are pursuing debt collection from the _wrong_ Michael Crespo. The last four digits of your account holder **DO NOT MATCH** the last four digits of our client. This also explains why this debt is not currently appearing on our client's credit report as stated in our previous correspondence to our office.

  We, therefore, request at this time that you cease and desist further requests for collection.

  Please be advised that further attempts at debt collection on this matter, in light of these facts, will leave your client open to legal action under the fair credit statutes of New York State.

  Thank you for your cooperation, please feel free to call if there are any further questions.

Very truly yours,

Dennis R. Hirsch, Esq.

# CONSUMER CREDIT TRANSACTION
## IMPORTANT!! YOU ARE BEING SUED!!
## THIS IS A COURT PAPER – A SUMMONS

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED); IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
STATE OF NEW YORK

**SUMMONS**

CREDIGY RECEIVABLES INC.
                                    Plaintiff

-Against-

MICHAEL CRESPO
                                    Defendant.

Case No.

Plaintiff's Address
2877 PARADISE ROAD, SUITE 303
LAS VEGAS, NEVADA 89109
The basis of the venue is Defendant Resides in Bronx County

To the above named Defendant: **You are hereby Summoned** to appear in the Civil Court of the City of New York, County of Bronx at the office of the Clerk of said Court at 851 Grand Concourse in the County of Bronx, City of Bronx, and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk. Upon your failure to answer, judgment will be taken against you for the sum of $ 2,540.88 together with interest from May 18, 2005 together with the costs and disbursements of this action.

Dated: _____, 2005

BY Karen A. Ditsch, Esq.
*Attorneys for Plaintiff*
230 Kings Court Mall, #226
Kingston, NY 12401
(845) 259-9993 (Tel)

NOTE: The law provides that:

(c) If this summons is served by its delivery to you personally within the County of Bronx, you must appear and answer within TWENTY days after such service; or
(d) If this Summons is served by delivery to any person other than you personally, or is served outside the County of Bronx, by publication, or by any means other than personal delivery to you within the County of Bronx, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

**DEBTOR ADDRESS:** 2442 Dorsey St  Bronx, NY 10461-0000

# TRANSACCION DE CREDITO DEL CONSUMIDOR
## !!IMPORTANTE!! !UD HA SIDO DEMANDADO!

!NO LA BOTE!  !CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO).  !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACIÓN LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CRÉDITO! !TAMBIÉN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTOS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYDUARA.

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE BRONX

**CITACIÓN**

**CREDIGY RECEIVABLES INC.**

*Demandante*

-Contra-

**MICHAEL CRESPO**

*Demandado.*

Case No.

Dirección del Demandante:
2877 PARADISE ROAD, SUITE 303
LAS VEGAS, NEVADA 89109

La razon de haber designado esta corte es que el Demandado residencia en Bronx Condado.

Al demandado arriba mencionado: **Usted esta citado** a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de Bronx a la oficina del Jefe Principal de dicha Corte en 851 Grand Concourse en el Condado de Bronx, Cuidad de Bronx, y Estado de Nueva York, dentro del tiempo provisto por la ley según abajo indicado y a presentar su respuesta a la – citación endorsoda – demanda adjunta - al Jefe de la Corte; si usted no comparece a contestar, se rendira sentencia contra usted en la suma de $ 2,540.88 con intereses en dicha cantidad desde el día May 18, 2005 incluyendo los costos y los desembolsos de esta causa.

Fechado: _____, 2005

Karen A. Ditsch, Esq.
Attorney for Plaintiff
230 Kings Court Mall, #226
Kingston, NY 12401
(845) 259-9993 (Tel)

NOTA: La ley prove que:
(c) Si esta citación es entregada a usted personalmente en el Condado de Bronx, usted debe compoarecer y responderia dentro de VEINTE días después de la entrega; ó
(d) Si esta citacion es entregada a otra persona que no fuera usted personalmente, ó si fuera entregada afuera de el Condado de Bronx, ó por medio de publicacion, ó por otros medios que no fueran entrega personal a usted en el Condado de Bronx, usted tiene TREINTA días después de haberse presentado prueba de entrega de la citación al Jefe de este Corte para comparecer y responder a la demanda.

NOSOTROS SOMOS COLECTORES DE DEUDAS DE DINERO. ESTE ES UN INTENTO DE COLECTAR UNA DEUDA. CUALQUIER INFORMACION ADQUIRIDA SERA USADO CON ESE PROPOSITO.

WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

**DIRECCION DEL DEMANDADO:**     2442 Dorsey St  Bronx, NY 10461-0000

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

CREDIGY RECEIVABLES INC.

                  Plaintiff    Case No.

-Against -                             Our File No. 10054001

MICHAEL CRESPO                    **Verified Complaint**

                              Defendant.

Plaintiff, by its attorneys, complaining of the Defendant, alleges:

11. That Credigy Receivables Inc., Plaintiff, is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 2877 Paradise Road, Suite 303, Las Vegas, Nevada 89109

12. That the Defendant resides in the county in which this action is brought or that the Defendant has transacted business within the county in which the action was brought in person or through Defendant's agent and that the instant cause of action arose out of said transaction.

13. Prior hereto, the Defendant requested a Credit Account with Associates (the "Original Creditor"), specifically account number 4621201165215190. Thereafter an Account Agreement (the "Contract") was sent to the Defendant.

14. The Original Creditor thereafter assigned the Contract to First Select, Inc. (the "Prior Creditor") which Account was thereafter referenced by the Prior Creditor as Account Number 4168100018544401. An exemplary copy of the Terms and Conditions issued by the Prior Creditor referencing and incorporating the Terms and Conditions governing the Account issued by the Original Creditor is attached hereto as <u>Exhibit "A"</u> and is incorporated herein by reference.

15. That the Defendant herein entered into a credit account which provided for interest on Defendant's outstanding balance at the rate of 9%.

16. That the Defendant agreed to pay all reasonable costs of collection, including reasonable attorney's fees, if Defendant's account was referred to an attorney for collection.

17. Upon information and belief, Defendant defaulted in payment and pursuant to the terms of the Contract now owes a balance of $ 2,117.40, together with Attorneys fees of $ 423.48 making a total of $2,540.88. Defendant's default has continued and demand for payment has been made.

18. The Prior Creditor duly assigned and transferred all of its rights, title and interest in and to the Account and the Contract, to Plaintiff, and by reason of that assignment, Plaintiff became, and now is, the holder and owner of the Account as shown on the Officer's Certificate attached hereto and incorporated herein as Exhibit "B."

SECOND CAUSE OF ACTION

19. That heretofore, Plaintiff rendered to Defendant monthly, full and true accounts of the indebtedness owing by the Defendant as a result of the above Contract, in an amount as hereinabove set forth which account statements were delivered to and accepted without objection by the Defendant resulting in an account stated for the amount set forth above.

THIRD CAUSE OF ACTION

20. That Defendant requested and did accept and receive a monetary benefit from the use of such credit, and it would be an unjust enrichment for the Defendant to retain said benefits without re-payment to Plaintiff for the value of same.

WHEREFORE, Plaintiff demands judgment against Defendant for the sum of $2,117.40 with interest thereon at the rate of 9% from May 18, 2005 together with attorney's fees of $ 423.48 together with costs and disbursements of this action.

WE ARE DEBT COLLECTORS: ANY
INFORMATION OBTAINED WILL BE USED IN
ATTEMPTING TO COLLECT THIS DEBT.

Karen A. Ditsch, Esq.
*Attorney for Plaintiff*
230 Kings Court Mall, #226
Kingston, NY 12401
(845) 259-9993 (Tel)

STATE OF TEXAS, COUNTY OF LAMAR
The undersigned, an attorney at law licensed in the State of New York and Of Counsel to Plaintiff's attorneys affirms the following to be true under the penalty of perjury: The foregoing Complaint is true to my knowledge, except as to matters stated to be on information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by Plaintiff is that Plaintiff does not have offices in the county where I maintain my office. The grounds of my belief as to all matters not stated upon my own knowledge are books, and records furnished by Plaintiff.

Dated: 4/1/ , 2005

                                                         Karen A. Ditsch

**EXHIBIT A**

# FIRST SELECT
## IMPORTANT LEGAL NOTICE

Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the validity of the debt or any part of it within that period we will assume that the debt is valid. If you dispute the debt or any part of it in writing by mailing us a notice to that effect on or before the 30th day following the date you received this letter – we will obtain and mail to you proof (verification) of debt. And if within the same period you request in writing the name and address of the original creditor (If different from the current creditor). We will furnish you with that information too. If we do receive a timely written notice all efforts to collect this debt will be suspended until we mail any required information to you.

**The purpose of this communication is to collect a debt; any information obtained will be used for collecting the debt.**

## ACCOUNT AGREEMENT

Your ASSOCIATES account has been transferred to First Select Corporation. Your ASSOCIATES account was closed at the time of this transfer and will therefore continue to be closed. This Account Agreement contains the terms that govern your First Select account (the "Account"). In this Agreement "you" and "your" mean each person who is liable for payment on the Account. "We" "our" and "us" mean First Select Corporation or its assignees. Because your Account has been transferred to us, you are now obligated to repay the Account to us instead of ASSOCIATES. If the Account was opened as a joint account, we may act on the instructions of any joint account holder.

**Payments/Finance Charges:** As long as you have a balance outstanding on your Account, finance charges are calculated as follows.

To figure the finance charges for each billing cycle, we multiply the average daily balance periodic rate. The daily periodic rate we apply is your Account Annual Percentage Rate divided by 365. The Annual Percentage Rate will be calculated as disclosed in your most recent ASSOCIATES account term (the "Original Terms"). If your Original Terms provided for different Annual Percentage Rate to be applied to different components of your outstanding balance, we will apply the lowest such Annual Percentage Rate on your entire outstanding balance.

We may accept late or partial payments, or payments marked "paid in full" or marked with other restrictions, without losing our right to collect all amounts owing under this Agreement. You may ask First Select Corporation to pay your Account by debiting your checking or savings account. You may revoke your authorization by writing to First Select Customer Service.

**Fees:** We will charge your Account a fee for each billing cycle within which your Account is delinquent (late charge). The amount of the late charge will be as disclosed in your Original Terms or the maximum late charge permitted by the law of your state of residence, whichever is lower.

We will charge your Account a fee for each returned payment check (returned check charge). The amount of the returned check charge will be as disclosed in your Original Terms, or the maximum returned check charge permitted by the law or your state of residence, whichever is lower.

To the extent provided in your Original Terms and to the extent permitted by applicable law, in addition to your obligations to pay the outstanding balance on your Account, plus interest and fees as disclosed herein, we may also charge you for any collection costs we incur, including but not limited to reasonable attorney's fees and court costs. If your Original Terms provided for an award of attorney's fees and court costs, such provision as incorporated herein shall apply reciprocally to the prevailing party in any lawsuit arising out of this Agreement.

**Non-Waiver of Certain Rights:** We may delay or waive enforcement of any provision of this Agreement without losing our right to enforce it or any other provision later.

**Applicable Law, Severability, Assignment:** No matter where you live, this Agreement and your Account are governed by federal law and by the law of the state designated as the applicable law in your Original terms. If your Original Terms did not contain an applicable law provision, then this Agreement and your Account are governed by federal law and the law of your state of residence. This Agreement is a final expression of the agreement between you and us and may not be contradicted by evidence of any alleged oral agreement. If a provision of this Agreement is held to be invalid or unenforceable, you and we will consider that provision modified to conform to applicable law, and the rest of the provision in the Agreement will still be enforceable. We may transfer or assign our right to all or some of your payments. If stat law requires that you receive notice of such and event to protect the purchaser or the assignee, we may give you such notice by filing a financing statement with the state's Secretary of State.

**Customer Service:** For general questions regarding your First Select account, please call our toll-free service number, 1-888-924-2000. For quality assurance purposes, and to improve customer service and security, telephone calls to or from our offices may be monitored or recorded.

**Credit Reporting:** If your fail to fulfill the terms of your credit obligation, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency. In order to dispute any information we are reporting about your Account, you must write to us at the following address: First Select Corporation, P.O. Box 9104, Pleasanton, California 94566.

**Sharing Information:** We may share information with our affiliates, including without limitation, Providian National Bank and Providian Bank. However, you may write to us at any time instructing us not to share credit information with our affiliates.

### YOUR BILLING RIGHTS-KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us in Case of Errors or Questions about Your Bill**

If you think your bill is wrong or if you need more information about an entry on your bill write us, on a separate sheet, at the following address: First Select Corporation, P.O. Box 9104, Pleasanton, California 94566. Write us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, give us the following:
-Your name and Account number.
-The dollar amount of the suspected error.
-A description of the error and an explanation, if possible, of why you believe there is and error. If you need more information, describe the item you are not sure about.

**Your Rights and Our Responsibilities After We Receive Your Written Notice**

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct. After we receive your letter, we cannot try to collect or report you as delinquent as to any amount you question, including finance charges. We can apply any unpaid amount against your credit line. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of the bill that are not in question.

If we find that we have made a mistake on your bill, you will not have to pay any finance charge related to any questioned amount. If we did not make a mistake, you may have to pay finance charges, and you will have to make up the missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due. If you fail to pay the amount we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that you question your bill. And we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is. If we do not follow these rules, we cannot collect the first $50 of the questioned amount even if your bill was correct.

**Special Rule for Credit Card Purchases**

If you have a problem with the quality of goods and services that you purchased with your ASSOCIATES credit card and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. There are two limitations to this right: (a) you must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address: and (b) the purchase price must have been more than $50. These limitations do not apply if either we or ASSOCIATES own or operate the merchant, or we or ASSOCIATES mailed you the advertisement for the property or services.

STATE OF NEW YORK Bronx County, New York City Civil Court    BRONX        COUNTY

Credigy Receivables Inc.

                                  Plaintiff-Petitioner

      vs
MICHAEL CRESPO                      Defendant-Respondent

STATE OF NEW YORK
COUNTY OF BRONX                ss..

                          Being duly sworn deposes and says that deponent is over the age of eighteen years and is not a party in this proceeding. Deponent served a true copy of
                                        Attached here in the above entitled proceeding such service having been make in the following manner, stated herein, and said person being the proper and authorized person to be served in this proceeding. (THE NAME OF SAID PERSON, COMPLETE ADDRESS, TIME AND DATE OF SERVICE IS AS FOLLOWS ON LINE (A).

LINE (A)_____

1. by delivering to and leaving with personally             ,known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

2. by delivering to and leaving with personally             on the person to be served and associated with him and after conversing with him deponent believes him to be a person of such able age and discretion and by mailing a copy of the proceeding herein to said authorized person to the address and at the time stated above in line (A) which is his last know address. Enclosed in a postpaid sealed wrapper in an official depositor of the United States Postal Service.

3. by delivering to and leaving with            ,the agent for service on the person in this proceeding as designated under Rule 318 CPLR. Service having been made to such person at the plact, time and date stated in line (A) above.

4. by affixing a true copy of the same to the door of the actual place of business, dwelling place or usual place of abode stated in line (A) above and by mailing a copy of the proceeding herein to said person to the address and on the date and time stated on line (A) above.

   Service was make in the manner stated in this paragraph (4) because deponent was unable with due diligence to fine the proper or authorized person to be served or a person of suitabel age and descretion at actual place of business, dwelling place or usual place of abode stated in line (A) above, having called there at the following    times and dates:

5. by delivering to and leaving with the person named in line (A), at said address, upon information and belief the person served is an officer of the domestic corporation          Named in this proceeding authorized to be served herein.

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or of the United States as the term is defined in either the State or Federal Statues.

Deponent futher states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age(Approx.) | Height(Approx) | Weight(Approx.) | Other identifying features: |
|---|---|---|---|---|---|---|
| Male | Black | Light | | | | |
| Female | White | Med | | | | |
| | | Dark | | | | |
| | | _____ | | | | |

Sworn to before me, this      Day of

                                                                        (Print name below Signature)
_____(Notary Public-Commissioner of Deeds)