UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL CRESPO,

                Plaintiff,                Index No.: 05-CV-06402(NRB)

-against-

CREDIGY RECEIVABLES, INC.,
CREDIGY SERVICES CORP.,
STEWART & ASSOCIATES, P.C.,
AND KAREN A. DITSCH, ESQ.,

                Defendants.
-----------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES




Sadis & Goldberg, LLC
Attorneys for Plaintiff
551 Fifth Avenue, 21st Floor
New York, New York 10176
(212) 947-3793

I.  PRELIMINARY STATEMENT

The plaintiff and his counsel submit this memorandum of law in support of their motion for an award of reasonable attorneys' fees under the Fair Debt Collection Practices Act and New York's General Business Law § 349. Both statutes provide for an award of attorneys' fees to a prevailing plaintiff and Crespo's acceptance of an Offer of Judgment renders him a prevailing plaintiff for purposes of this motion. Accordingly, this Court must only decide the amount of fees to be awarded to the plaintiff and his counsel.

This case arose out of a lawsuit filed against Crespo in New York City Civil Court, based on a debt that he did not in fact owe. Crespo advised in writing on two occasions during the months leading up to the filing of the Civil Court suit that he was not the individual who owed the alleged debt. However, despite these writings, the Defendants did not cease trying to collect the debt and instead filed the Civil Court lawsuit. Aside from the unfair and deceptive practice of filing the lawsuit without the authority to do so, which triggers liability under GBL §349, Defendant also failed to provide any validation notices to Crespo, in violation of the Fair Debt Collection Practices Act. After their first court appearance, Defendants realized their liability, cut their losses, and made Offers of Judgment under Rule 68. Crespo accepted the Offer, and the Clerk entered judgment for Plaintiff and referred the issue of attorney fees and costs back to the Court.

Like other fee-shifting statutes, awards under the FDCPA and GBL § 349 require the use of the lodestar calculation. As set forth below, both the hourly rates requested and the number of hours spent on the matter are reasonable. As such, there should be no adjustment to the lodestar figure.

II.     ATTORNEYS' FEES UNDER FDCPA AND GBL § 349

Section 1692k(a)(3) of FDCPA provides that in any "successful action" brought to enforce FDCPA's provisions, the consumer is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court". 15 U.S.C. § 1692k(a)(3). Fee awards under FDCPA are, therefore, mandatory and may only be denied in the most unusual of circumstances. Vera v. Trans-Continental Credit and Collection Corp., 1999 WL 292623, *1, *2 (S.D.N.Y., May 10, 1999)("Where a plaintiff prevails in a case under the Act, an award of reasonable attorneys' fees is not discretionary but mandatory"). Fees are to be determined using the lodestar method.

New York G.B.L. § 349 is a consumer protection statute making deceptive and misleading conduct by businesses illegal. Section 349 "was enacted because of the demonstrated inability of the New York State Attorney General to adequately police false advertising and deceptive trade practices." Blue Cross and Blue Shield v. Phillip Morris, Inc., 190 F.Supp.2d 407, 422 (E.D.N.Y 2002). In his memorandum in support of the bill, Governor Carey stated that the inclusion of an attorney fee provision in the statute would aid enforcement of deceptive conduct and "add a strong deterrent against deceptive business practices and supplement the Attorney General in the prosecution of consumer fraud complaints". Mem. of Governor Carey, L. 1980, chs. 345 and 346, 1980 N.Y. Laws 1867. Without such a provision, consumers would be unable to find qualified attorneys to represent their interests. Blue Cross, supra. Fee awards under GBL § 349 are to be made using the lodestar method as well, however, New York law allows the Court to consider other factors such as the purpose of the statute, the complexity of the issues, the results achieved, "the potential benefit to the client, [and] the benefit to society". Blue Cross, supra.

Here, Plaintiff's counsel is entitled to the full amount sought since both the time spent and

hourly rates are reasonable, and only such a fully compensable award will fulfill the purposes of the applicable statutes.

III.   THE HOURLY RATES REQUESTED BY SADIS & GOLDBERG ARE REASONABLE

When determining an appropriate hourly rate for a lawyer's time, the prevailing market rate in the community is the starting point. Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984).

Plaintiff, therefore, requests that the Court compensate Sadis & Goldberg at the prevailing market rate in the Southern District. These rates range from $250 per hour for mid-level associates to $300 per hour for senior associates. None of the firm's partners billed any time on this matter.

   A.   The "Prevailing Market Rates" in the Southern District

When setting the hourly rates, courts are to consider the attorney's usual billing rates and the prevailing market rates, taking judicial notice of the prevailing market rates. Miele v. New York State Teamsters Conference Pensions & Retirement Fund, 831 F.2d 407 (2d Cir. 1987); M.S. o/b/o I.O. v. New York City Board of Education, 2002 WL 31556385 (S.D.N.Y. 2002)(trial court considered the National Law Journal's survey of hourly rates for associates, which indicated that 8th year associates within the Southern District billed from $310-$375 per hour in 2002). Fee awards in the Southern District show that the prevailing market rates range from $250 per hour for mid-level associates to well over $400 an hour for senior partners. See e.g., Smith v. Wettenstein, 2003 WL 22966281 (S.D.N.Y. 2003)(awarding $250 per hour for a fourth year associate); Anderson v. City of New York, 132 F.Supp.2d 239 (S.D.N.Y. 2001)(awarding $250 per hour for a 6th year associate in 2001).

Sadis & Goldberg has received several awards under various fee-shifting statutes and courts, including this one, have regularly provided S&G with higher hourly rates.

B. Prior Awards From This Court and New York State Courts Demonstrate The Reasonableness of The Requested Rates

While the rates awarded by courts to other firms are clearly relevant, nothing could be more significant than the rates at which Sadis & Goldberg has been compensated in other consumer protection cases. For example, this Court has approved Dennis Hirsch and Mitchell Taras—S&G's senior associates—at the rate of $225 per hour for matters handled from 1999 through 2002. Sandi v. Dependable Auto, 2001 WL 201849 (E.D.N.Y. 2001)(adopting magistrate's report and recommendation; magistrate's report and recommendation annexed hereto as Exhibit A); Farrell v. Dependable Auto, E.D.N.Y., Case No. 2002 CV 914 (report and recommendation annexed hereto as Exhibit B). At the time, Dennis Hirsch and Mitchell Taras were junior associates with experience of approximately 3-5 years.

More recently, New York courts have awarded Sadis & Goldberg's attorneys hourly rates of $225 for junior associates and $275 per hour for senior associates and partners. Martin Motor Sales, Inc. v. Anglero, Supreme Court, New York Co., Index No. 108215/03 (awarding $275 per hour for Dennis Hirsch and partner Douglas Hirsch; referee's report, and order confirming the report, annexed hereto as Exhibit C); Aquarius Tech, Inc. and Squeo v. DaimlerChrysler, N.Y.C. Civ. Ct., New York County, Index No. 710TSN02 (awarding Dennis Hirsch of Sadis & Goldberg $250 per hour for work performed from 2001 through 2003; decision annexed hereto as Exhibit D).

Accordingly, the hourly rates requested for Sadis & Goldberg's attorneys are consistent with the hourly rates found to be reasonable in recent Southern District cases, and are consistent with

prior fee awards to S&G from New York State courts. Each attorney's background and experience is discussed below and the requested rates are justified in light of the firm's extensive experience in automobile and automobile-financing litigation.

### Experience of Sadis & Goldberg's Lawyers

- Dennis R. Hirsch

Dennis Hirsch graduated from Cardozo School of Law in January 1997, was admitted to the New York State Bar in 1997, and the California Bar in 1998. Mr. Hirsch is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and is a member of the National Association of Consumer Advocates. Mr. Hirsch has practiced in both New York and California since graduating law school, focusing on commercial and consumer litigation.

Dennis Hirsch joined Sadis & Goldberg in 1999 and handles a wide range of litigation matters, but spends most of his time litigating consumer matters. Dennis Hirsch has successfully tried approximately a dozen consumer cases to verdict and is responsible for briefing and arguing motions and appeals on a variety of consumer protection statutes. Mr. Hirsch has argued various consumer issues before New York's Appellate Division, both the First and Second Departments.

In his time with Sadis & Goldberg, Mr. Hirsch has represented hundreds of consumers in automobile claims and has litigated more than a dozen claims under the Truth in Lending Act.

It is submitted that $300 per hour is reasonable for Mr. Hirsch's time as an 9th year associate based on his experience handling matters similar to the instant one.

- <u>Francis Bigelow</u>

Francis Bigelow graduated from New York University School of Law in May 2000. He was admitted to the New York State bar and worked as a staff attorney for the Administration for Children's Services, a division of the New York City Corporation Counsel, for over two years prosecuting child abuse and neglect cases in Kings County Family Court. Mr. Bigelow successfully tried over 100 cases and also handled several appeals to the Appellate Division, Second Department.

In 2003, Mr. Bigelow joined Sadis & Goldberg and has concentrated in commercial litigation and consumer protection cases. He is responsible for briefing motions on a variety of consumer protection statutes. Mr. Bigelow has successfully litigated and arbitrated several lemon law claims. Mr. Bigelow's billing rate on commercial litigation matters is $275 and represents a reasonable hourly rate for a 5th year associate.

- <u>Sadis & Goldberg's Paralegals</u>

<u>Pat Green (formerly Pat Heaney)</u>

Ms. Green is a graduate of the NewYork Paralegal School in Manhattan. She is well-versed in basic litigation procedure and is responsible for drafting pleadings, coordinating discovery, client intake, filing of motions, coordinating the calendar, and other paralegal tasks. She spends all of her time handling litigation matters. Ms. Green has been with S&G since the fall of 2000.

<u>Michael Crespo</u>

Mr. Crespo began his employment with Sadis & Goldberg in January 2003. This is Mr. Crespo's fourth position as a paralegal and he has been employed as a paralegal for approximately 7 years in total. As such, he is well-versed in a variety of practice areas but spends the majority of

his time supporting the litigation attorneys.

IV. THE TIME SPENT LITIGATING THIS MATTER HAS BEEN REASONABLE AND REFLECTS PLAINTIFFS' COUNSEL EXPERIENCE IN CONSUMER LITIGATION

When calculating the lodestar, the Court must determine the number of hours reasonably expended, excluding hours spent performing "excessive, redundant or otherwise unnecessary" tasks. Alnutt v. Cleary, 27 F.Supp. 3395 (W.D.N.Y. 1998) citing Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983). Courts are to compensate counsel even for time spent on unsuccessful claims or motions, so long as the unsuccessful claims or motions are not "wholly unrelated" to the prevailing claims. Grant v. Martinez, 973 F.2d 96 (2d Cir. 1992). Also, in determining what tasks or time expenditures were reasonable, the "relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar expenditures". Parrish v. Sollecito, 280 F.Supp.2d 145 (S.D.N.Y. 2003).

S&G's time records indicate that the case was litigated thoroughly yet efficiently. S&G appropriately used the services of paralegals for electronically filing documents; preparing and sending default notices to the Defendant when it initially failed to file its answer in this matter; preparing subpoenas; scheduling depositions; and even preparing Rule 26 initial disclosure. This significantly reduced the attorney time on the file, since attorneys merely reviewed the documents prepared by paralegals and made some necessary changes. Accordingly, a review of the time records shows that S&G did not perform any redundant services or perform unnecessary work. And S&G's use of paralegals reflects "billing judgment" by using less expensive staff where appropriate.

Accordingly, the time expended was reasonable in light of the nature of the claims and the

defenses raised by Defendant.

V.   CONCLUSION

Plaintiff's request for attorneys' fees and costs should be granted in its entirety, because the request reflects reasonable hourly rates multiplied by reasonable expenditures of time. And while the lodestar figure may be adjusted after consideration of various factors, none of the identified factors warrant any modification to the lodestar in this case. Therefore, Plaintiff and his counsel request that the motion be granted in its entirety and Plaintiff be awarded $7,700.90 as costs and attorney fees.

Dated: January 25, 2006
    New York, New York

SADIS & GOLDBERG, LLC

By: Francis Bigelow (FB-8749)
Counsel for Plaintiff
551 Fifth Avenue, 21st Floor
New York, New York 10176
(212) 947-3793